IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:11-CV-537-MOC-DCK

| | |
|---|---|
| JENNIFER L. WILSON,<br><br>    Plaintiff,<br><br>  v.<br><br>FEDERAL NATIONAL MORTGAGE<br>ASSOCIATION; SUNTRUST MORTGAGE,<br>INC.; and DOES and/or JANES 1-10,<br><br>    Defendants. | **MEMORANDUM AND<br>RECOMMENDATION** |

**THIS MATTER IS BEFORE THE COURT** on Defendants' SunTrust Mortgage, Inc. ("SunTrust") and Federal National Mortgage Association's ("Fannie Mae") (collectively "Defendants") "Motion To Dismiss" (Document No. 14). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the motion, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>granted</u>.

## I. BACKGROUND

The instant action stems from Defendants' institution of a foreclosure action against Plaintiff Jennifer L. Wilson ("Plaintiff") on or about December 21, 2009, "in the General Court of Justice State of North Carolina Mecklenburg County, case number 09 SP 011294." (Document No. 1, pp.3-4). A hearing was held in the Mecklenburg County court on February 12, 2010. (Document No. 1, pp.4-6). According to the Complaint, "[o]n February 12, 2010 Cameron Scott, Assistant Clerk of Superior Court, signed the 'ORDER' authorizing the foreclosure sale." (Document No. 1, p.6). The Mecklenburg County court found that "SunTrust Mortgage, Inc. is the holder of the note sought

to be foreclosed and it evidences that this is a valid debt owned by Jennifer L. Wilson." (Document No. 15, p.3; Document No. 15-1). Apparently, Plaintiff did not appeal the Mecklenburg Court's Order. (Document No. 1; Document No. 15, p.3).

On May 4, 2010, Plaintiff filed a bankruptcy action pursuant to Chapter 13. (Document No. 1, p.6). Plaintiff Jennifer L. Wilson ("aka Jennifer L. Rivera") voluntarily dismissed her bankruptcy action on July 6, 2010. (Document No. 15, p.3; Document No. 1, p.6); see also, (Document No. 23, Bankruptcy Petition # 10-31255, U.S. Bankruptcy Court, W.D.N.C.). After dismissal of the bankruptcy proceeding, on or about August 30, 2010, the substitute trustee moved the Mecklenburg County court to reactivate the foreclosure file. (Document No. 1, p.6). A foreclosure sale was held on October 26, 2010, and SunTrust was named "Purchaser And Highest Bidder." Id. "SunTrust assigned its bid to Fannie Mae on November 8, 2010, and a trustee's deed was recorded on November 15, 2010 transferring the property to Fannie Mae." (Document No. 15, p.3; Document No. 1, p.7).

Plaintiff filed her "Complaint" (Document No. 1) in this Court on October 25, 2011. The Complaint asserts causes of action for: (1) Misrepresentation As To SunTrust Mortgage, Inc.; (2) Breach Of Contract As To SunTrust Mortgage, Inc.; (3) Wrongful Foreclosure; (4) Violations Of the fair Debt Collection Practices Act; (5) Unjust Enrichment; and (4) Quiet Title. (Document No. 1).

Defendants filed their pending "Motion To Dismiss" (Document No. 14) and "Memorandum In Support..." (Document No. 15) on December 21, 2011. Plaintiff's "Notice Of Motion And Motion In Opposition To Motion To Dismiss" (Document No. 19) was filed on January 19, 2012. Defendants' "Reply In Support Of Motion To Dismiss" (Document No. 22) was filed on February 8, 2012.

## II. STANDARD OF REVIEW

The plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). When a defendant challenges subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. See also, Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009), quoting Twombly, 550 U.S. at 570; see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

3

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(citations omitted).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

Defendants' pending "Motion To Dismiss" filed pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) contends that as a threshold matter this Court lacks subject matter jurisdiction because Plaintiff's suit attempts to challenge a final and binding Order of the Clerk of Superior Court for Mecklenburg County, North Carolina, and in the alternative, Plaintiff fails to state claims upon which relief can be granted. (Document No. 14).

According to Defendants, on or about February 12, 2007, Plaintiff obtained a loan in the principal amount of $127,600.00 from SunTrust (the "Loan"). (Document No. 15, p.2). The Loan was evidenced by a promissory note and secured by a Deed of Trust recorded in Book 21780, Pages 753-775, Mecklenburg County Register of Deeds (the "Note" and "Deed of Trust," respectively) (Document No. 15, p.2; Document No. 3). The Deed of Trust secured the property located at 1430 Black Kettle Drive in Charlotte (the "Property"). Id. "Subsequently, Fannie Mae became the investor of the Loan and SunTrust remained the servicer of the Loan." (Document No. 15, p.2).

4

On or about December 21, 2009, as a result of Plaintiff's default under the terms of the Loan, a foreclosure proceeding was commenced by Substitute Services, Inc., the substitute trustee, before the Clerk of Superior Court of Mecklenburg County (the "Foreclosure"). (Document No. 1, pp.3-4; Document No. 15, pp.2-3). On February 12, 2010, the Assistant Clerk of Superior Court of Mecklenburg County entered an Order allowing a foreclosure sale to proceed pursuant to N.C. Gen. Stat. § 45-21.16. (Document No. 1, p.6; Document No. 15, p.3). Plaintiff did not appeal the Mecklenburg County clerk's Order pursuant to N.C. Gen. Stat. § 45-21.16(d1), and therefore, a final judgment resolving the validity of the debt at issue was rendered in state court.

Based on the foregoing, Defendant contends that this Court lacks jurisdiction over this action, and furthermore, that the Complaint fails to state viable claims for relief. (Document Nos. 14 & 15). Defendant's first argument is that the Rooker-Feldman doctrine bars this Court from reviewing state court judgments.[1] (Document No. 15, p.4). Defendant asserts that this doctrine "bars the exercise of federal court jurisdiction where the claims are 'inextricably intertwined' with the claims adjudicated in state court. Relevant authority supports Defendants' argument, including the following:

> Congress has vested only the Supreme Court with jurisdiction to review state court decisions. 28 U.S.C. § 1257. The *Rooker-Feldman doctrine*, a corollary to this rule, prohibits "lower federal courts ... from exercising appellate jurisdiction over final state-court judgments." Lance v. Dennis, 546 U.S. 459, ----, 126 S.Ct. 1198, 1201, 163 L.Ed.2d 1059 (2006) (per curiam). The Supreme Court has recently underscored that *Rooker-Feldman* is a "narrow doctrine." Id. It deprives district courts of subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district

---

[1] The Rooker-Feldman doctrine is derived from Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). See Brumby v. Deutsche Bank, 2010 WL 617368 (M.D.N.C. Feb. 17, 2010).

5

> court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Formulated in this way, the doctrine forbids claims that "seek [ ] redress for an injury caused by the state-court decision itself" because they "ask[ ] the federal district court to conduct an appellate review of the state-court decision." Davani v. Va. Dep't of Transp., 434 F.3d 712, 719 (4th Cir.2006). In other words, the doctrine applies "where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court." Lance, 126 S.Ct. at 1202.

Adkins v. Rumsfeld, 464 F.3d 456, 463-64 (4th Cir. 2006). See also, Gatti v. Village of Lake Park, 3:04cv285-FDW, 2007 WL 1033364 (W.D.N.C. March 28, 2007).

The undersigned agrees that Plaintiff's Complaint essentially seeks redress for injuries caused by Defendants' action in state court and the subsequent Order of a North Carolina state court. As noted by Defendants, all of Plaintiff's claims appear to turn on an allegation that SunTrust was not the holder of the Note at the time of the Foreclosure. (Document No. 1; Document No. 15, p.7). However, the Clerk of Superior Court found that SunTrust was the holder of the Note. (Document No. 15-1). As such, Plaintiff effectively seeks to appeal the determination of the Mecklenburg County Superior Court to this Court, and invites this Court to reject the findings of the Superior Court.

As stated above, Plaintiff has the burden of proving subject matter jurisdiction exists and the "existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case." Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). Plaintiff's response to the motion to dismiss (Document No. 19-1) fails to articulate a persuasive argument refuting Defendants' assertion that subject matter jurisdiction is lacking. Plaintiff appears to argue that the Rooker-Feldman doctrine is not applicable to state court foreclosure proceedings. (Document No. 19-1, pp.8-16). This Court has held otherwise. See

6

McIntyre v. BAC Home Loans Servicing, L.P., 3:10-CV-089-RJC-DCK, 2010 WL 3911412 (W.D.N.C. June 30, 2010) *adopted by* 2010 WL 3922410 (W.D.N.C. Oct. 14, 2010); Bey v. Simpson, 3:11-CV-349-RJC-DCK, 2011 WL 7052789 (W.D.N.C. Nov. 28, 2011) *adopted by* 2011 WL 136247 (W.D.N.C. Jan. 18, 2012); and Jones v. Saxon Mortg. Services, Inc., 3:09cv425-RJC-DCK, 2010 WL 2629782 at *4 (W.D.N.C. June 28, 2010).

Moreover, Plaintiff has been a party to, legal counsel in, and/or otherwise involved in several other actions filed in this Court related to state court foreclosure proceedings. See Wilson v. SunTrust Bank et al., 3:10-CV-573-FDW, (Document No.48) (W.D.N.C. May 26, 2011); Simpson v. Wilson, 3:11-CV-576-MOC, (Document No. 25) (W.D.N.C. Mar. 26, 2012); Trustee Services of Carolina, LLC v. Rivera, 3:12-CV-121-MOC, (Document No. 1-7) (W.D.N.C. Feb. 23, 2012); Trustee Services of Carolina, LLC v. Rivera, 3:12-CV-146-MOC, (Document No. 1-11) (W.D.N.C. Feb. 23, 2012). The first two have been dismissed and remanded, respectively; and the other two have been recommended for remand by the assigned U.S. magistrate judges.

Plaintiff's Complaint seeks redress for injuries allegedly caused by an order of a North Carolina state court, which concluded that Defendant SunTrust was the holder of a valid debt. There appears to be no dispute that the basis for Plaintiff's lawsuit is a state court foreclosure action. Based on the foregoing, the undersigned finds that this Court lacks subject matter jurisdiction, consistent with, the <u>Rooker-Feldman</u> doctrine, and that dismissal is appropriate. The undersigned will therefore forgo any additional analysis as unnecessary, but will note that Defendants' alternative arguments pursuant to Fed.R.Civ.P. 12(b)(6) also appear persuasive.

## IV. RECOMMENDATION

**IT IS, THEREFORE, RECOMMENDED** that Defendants' "Motion To Dismiss" (Document No. 14) be **GRANTED**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and the Honorable Max O. Cogburn, Jr.

**IT IS SO RECOMMENDED**.

Signed: April 19, 2012

David C. Keesler
United States Magistrate Judge